UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROHN,

        Plaintiff,

v.

DONALD LITEANU,

        Defendant.

CASE NO. C11-5523-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 18, 2011

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff has filed a motion for summary judgment (ECF No. 7). Defendant has responded and this matter is now ripe for review (ECF No. 11). Plaintiff is a resident of the Western State Hospital and Dr. Liteanu is a treating physician. Plaintiff complains of the medical treatment he has received for an ear ache.

The Court recommends that plaintiff's motion for summary judgment be denied as plaintiff fails to show that he is entitled to summary judgment as a matter of law. The defendant has treated plaintiff's condition and is apparently continuing to provide treatment. Plaintiff's allegation that the treatment has not been successful in relieving plaintiff's discomfort does not rise to the level of a Fourteenth Amendment violation as long as treatment is still available.

## STANDARD OF REVIEW

In federal court, summary judgment is required under Fed. R. Civ. P. 56(c) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Plaintiff is a resident at a mental health hospital. Thus, his right to medical treatment comes under the penumbra of the Fourteenth Amendment rather than the Eighth Amendment. Youngberg v. Romeo, 457 U.S. 307, 319-22 (1982). The Court in Youngberg set forth an extremely differential standard by which courts judge the actions

of the state in providing treatment: "the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally actable choices should have been made." Id. at 321.

Plaintiff complains that he has had an ear ache since June of 2011, and he requests that the court order Western State to outsource its medical care (ECF No. 7 pages 1 and 2). Plaintiff alleges that two doctors, Dr. Liteanu and Dr. Yajun Liu ordered treatment for his ear ache, but that the treatment did nothing (ECF No. 4, page 4). He further states Dr. Liteanu has told him that his ear ache will go away on its own, but plaintiff does not say how long ago the doctor allegedly made that statement (ECF No 4).

Defendant argues that whether additional diagnostic techniques or forms of treatment are needed is a matter of medical judgment (ECF No. 11, page 8). While the Court agrees that medical decisions are best left to medical experts, the Court does not abrogate its duty to safeguard constitutional rights.

Plaintiff fails to place before the Court any record or facts as to what treatment has been or is being provided. Therefore, plaintiff fails to meet his burden of proof as he has not shown a failure to exercise professional judgment. Plaintiff is not entitled to summary judgment as a matter of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit

1 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on

2 November 18, 2011 as noted in the caption.

3   Dated this 12th day of October, 2011.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4