UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROHN,

        Plaintiff,

v.

DONALD LITEANU,

        Defendant.

CASE NO. C11-5523-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
NOVEMBER 25, 2011

    This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendant asks the Court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 12). The Court recommends that the motion be denied because the plaintiff has alleged sufficient facts to state a cause of action and those facts, even if disputed by defendant, must be taken as admitted for purposes of ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff is a resident at the Western State Hospital. He complains that he has had an earache since June of 2011, and that Dr. Liteanu refuses to send him to an ear, nose and throat specialist (ECF No. 4 and 13). Defendant contends that this case involves a disagreement regarding plaintiff's course of treatment and fails to state a claim because plaintiff received treatment for his earache. (ECF No. 12, page 5). Defendant states: "The only issues raised by Mr. Rohn in his complaint are that the treatment provided by the medical professionals at Western State Hospital did not relieve his pain, and his request to be sent to an ENT was denied."

## STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

## DISCUSSION

An involuntarily committed person has a right to minimal health care. Savidge v. Fincannon, 836 F.3d 898, 907-08 (5th Cir. 1988). While defendant Liteanu describes this case as a disagreement concerning a course of treatment, at this stage of the proceedings the Court does not have any medical records before it and must assume that plaintiff's facts are admitted.

The Court's role is to ensure that defendant has in fact exercised his professional judgment in treating plaintiff. Romeo v. Younberg 457 U.S. 307, 321 (1982). While the Court recognizes that defendant is entitled to deference in the medical decisions he makes, the Court cannot abrogate its role in determining if the defendant has in fact exercised his professional judgment. Without further proceedings, the Court cannot conclude that plaintiff has failed to state a claim.

1   The Court recommends that the motion to dismiss for failure to state a claim be
2   denied.
3       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4   fourteen (14) days from service of this Report to file written objections. See also Fed. R.
5   Civ. P. 6. Failure to file objections will result in a waiver of those objections for
6   purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C).
7   Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to
8   set the matter for consideration on November 25, 2011, as noted in the caption.
9       Dated this 2nd day of November, 2011.

        J. Richard Creatura
        United States Magistrate Judge