UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROHN,

    Plaintiff,

v.

DONALD LITEANU.

    Defendant.

CASE NO. C11-5523 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 27, 2012

    The district court has referred this 42 U.S.C. §1983 civil rights matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendant has filed a motion for summary judgment with a supporting declaration (ECF No. 22 and 23). Plaintiff did not respond to the motion.

    Plaintiff, a patient at Western State Hospital, filed this action in July of 2011, complaining that he had not received proper treatment for ear pain and that he had been in pain for six weeks (ECF No. 4). Plaintiff asked the Court for only injunctive relief, he asked the Court to order that defendant send him to an ear nose and throat specialist for treatment (ECF No. 4, complaint relief section).

    Defendant asks for summary judgment and places facts before the Court that are not contested (ECF No. 22, and 23). In June of 2011 plaintiff was seen by Dr. Liteanu regarding ear

1  discomfort. Plaintiff denied current pain but complained of wax in his ear. Dr. Liteanu did not
2  feel referral to a specialist was warranted and that plaintiff could seek additional treatment if his
3  condition did not improve (ECF No. 23). Dr. Leteanu prescribed an ear irrigation treatment,
4  "Debrox," for the ear wax and a topical anesthetic ear drop to relieve any further ear discomfort
5  (ECF No. 23).

6  One month after filing this action, plaintiff again complained of ear pain. He was seen by
7  Dr. Khalighi because Dr. Liteanu was on vacation. Dr. Khalighi referred plaintiff to an ear, nose,
8  and throat specialist and plaintiff was seen by that specialist on October 11, 2011. The
9  specialist's made the same diagnosis as defendant -- wax in the ear (ECF No. 23). In addition,
10  the specialist noted some high frequency hearing loss that is not therapeutically treatable (ECF
11  23).

## STANDARD OF REVIEW

13  In federal court, summary judgment is required under Fed. R. Civ. P. 56(a) if the
14  evidence, viewed in the light most favorable to the nonmoving party, shows that there is no
15  genuine issue as to any material fact. Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th
16  Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine
17  issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). That burden may
18  be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of
19  evidence to support the nonmoving party's case." Id. at 325. Once the moving party has met its
20  initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify
21  facts that show a genuine issue for trial. Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477
22  U.S. 242, 248 (1986).

## DISCUSSION

Mental health and medical treatment decisions for a non incarcerated person are presumed valid; plaintiff must show a substantial departure from accepted professional judgment, practice, or standards in order to state a claim based on a specific action taken in relation to treatment. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 323 (1982). Plaintiff fails to show any substantial departure from normal medical practices or standards. The specialist in this case has come to the same diagnosis as defendant (ECF No. 23 ¶ 7). Further, plaintiff has received the relief he requested in the compliant, he requested to be seen and treated by an ear, nose, and throat specialist (ECF No. 4). And he has now received that consultation.

Plaintiff fails to show that defendant has violated any constitutional duty or right owed to plaintiff. The defendant is entitled to summary judgment on the uncontested facts presented in the motion for summary judgment and the declaration supporting the motion (ECF No. 22 and 23). The Court recommends that defendant's motion for summary judgment be granted and that this action be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 27, 2012, as noted in the caption.

Dated this 28th day of June, 2012.

J. Richard Creatura
United States Magistrate Judge